JACKSON LEWIS P.C.
Three Parkway, 1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267)319-7802
Marjorie N. Kaye, Jr., Esquire
Eileen K. Keefe, Esquire
ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRA MATEO,<br><br>Plaintiff,<br><br>vs.<br><br>ARYZTA LLC<br><br>Defendant. | CIVIL ACTION NO.<br><br>**NOTICE AND PETITION FOR REMOVAL OF A CIVIL ACTION FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY, PENNSYLVANIA** |

To:   Peter J. Welsh
      Clerk of Court
      U.S. District Court for the Middle District of Pennsylvania
      P.O. Box 1148
      235 N. Washington Avenue
      Scranton, PA 18501

      Sarah L. Borland, Esquire
      Kimberly D. Borland, Esquire
      Borland & Borland LLP
      11th Floor
      69 Public Square
      Wilkes-Barre, PA 18701

Defendant, ARYZTA LLC ("Defendant" or "ARYZTA"), pursuant to

28 U.S.C. §§ 1331, 1367, 1441, and 1446, respectfully submits this Notice and

Petition for Removal of a Civil Action from the Court of Common Pleas of Luzerne County, Pennsylvania, bearing Case No. 2016-13265, and as grounds for removal allege as follows:

## INTRODUCTION

1. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 because Plaintiff's first cause of action arises under the laws of the United States and Plaintiff's state law claim arises out of the same circumstances as her federal claim. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

2. Plaintiff, Alexandra Mateo ("Plaintiff" or "Mateo"), filed a complaint captioned *Alexandra Mateo v. Aryzta, LLC*, bearing Case Number 2016-13265, in the Court of Common Pleas of Luzerne County, Pennsylvania, on December 27, 2016. A true and correct copy of the complaint is attached hereto as Exhibit A.

3. On January 4, 2017, Defendant was served with the summons and complaint.

4. This notice of removal, filed on January 24, 2017, is filed within thirty days after Defendant received the complaint, which is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

2

5.    As such, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

6.    28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.    This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the laws of the United States. In this matter, Plaintiff alleges, *inter alia*, that Defendant violated her rights under the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)) and The Civil Rights Act of 1866 (42 U.S.C. § 1981), which are laws of the United States. See Ex. A, Complaint, Counts I-V.

8.    Further, this Court has supplemental jurisdiction over Plaintiff's additional causes of action under 28 U.S.C. § 1367, which states that "the district

3

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." According to Plaintiff's complaint, Plaintiff's federal and state law claims both arise from the same set of events, including Plaintiff's termination. See Ex. A, Complaint, Counts I-V.

9. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### VENUE

10. Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the Middle District of Pennsylvania because the state action was filed in this District and this is the judicial district in which the action arose.

### NOTICES

11. Defendant has not filed an answer or other pleading in the Court of Common Pleas of Luzerne County, Pennsylvania.

12. Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pleaded claims upon which relief may be granted.

13. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has forwarded a copy

of this Notice for filing with the Clerk of Judicial Records for the Court of Common Pleas of Luzerne County, Pennsylvania. See Exhibit B, Court of Common Pleas Notice of Removal.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Court of Common Pleas of Luzerne County, Pennsylvania, be removed to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____

Marjorie N. Kaye, Jr., Esquire
Eileen K. Keefe, Esquire
Three Parkway
1601 Cherry St., Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
kayem@jacksonlewis.com
eileen.keefe@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

Dated: January 24, 2017

5

JACKSON LEWIS P.C.
Three Parkway, 1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267)319-7802
Marjorie N. Kaye, Jr., Esquire
Eileen K. Keefe, Esquire
ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRA MATEO,<br><br>              Plaintiff,<br><br>    vs.<br><br>ARYZTA LLC<br><br>              Defendant. | CIVIL ACTION NO. |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice and Petition for Removal, Civil Cover Sheet, Corporate Disclosure Statement, Notice of Appearance of Marjorie N. Kaye, Jr., Notice of Appearance of Eileen K. Keefe, and this Certificate of Service were served upon Plaintiff's counsel, Sarah L. Borland and Kimberly D. Borland, Esqs, at their address located at Borland & Borland LLP, 11th Floor, 69 Public Square, Wilkes-Barre, PA 18701, via

overnight mail, on this 24th day of January, 2017.

<b>JACKSON LEWIS P.C.</b>

By:    _____

Marjorie N. Kaye, Jr.
Eileen K. Keefe, Esquire

4842-5099-7824, v. 1